## Morris Estate

*Thomas R. Butler* and *A. David M. Speers*, for accountants.

*Theodore O. Rogers* and *Joseph Neff Ewing*, for legatees.

MacELREE, P. J., March 15, 1965. — The fund accounted for pertains to a trust created under the will of Lawrence J. Morris, who died November 18, 1949, and last awarded to the accountants by adjudication dated December 4, 1950, upon the first account of The First Pennsylvania Banking and Trust Company and James D. Winsor, 3rd, executors, filed and confirmed.

The reason or purpose of the filing of the account is the death of the life income beneficiary, Mary Winder Morris, on January 5, 1964, of whose estate The First Pennsylvania Banking and Trust Company is executor.

. . .

The accountants have submitted to this court two questions for adjudication, the first having to do with the validity of the testator's provisions that the income from the trust be accumulated in the endowment funds of the respective charities, and the second having to do with an adjustment of inheritance tax.

The questions are stated by the accountants in the petition for adjudication and statement of proposed distribution as follows:

"The trustees believe that the will and codicils evidence an intention by the testator that the income paid to the various charities shall be added to their respective endowment funds and accumulated in perpetuity in the Endowment Funds, and that the income only from such accumulations in the Endowment Funds may be used by the charities for maintenance.

"The trustees suggest that the requirement that the income from the estate be perpetually accumulated in the endowment funds of the respective charities is invalid under the decision of the Pennsylvania Supreme Court in James Estate, 414 Pa. 80 (1964), and the trustees therefore suggest that the income be awarded to the various charities to be spent whenever the charities wish for the purposes of maintaining their activities and property, but not for the acquisition or construction of buildings or furnishings. . . ."

Counsel for the accountants have submitted a memorandum of law in support of their position as to the first question, in which they rely upon James Estate, 414 Pa. 80.

In James Estate, as pointed out by counsel for the accountants, the testator created a charitable trust and directed that a *portion* of the income thereof *be accumulated for 400 years* at the end of which time the principal and accumulated income was to be paid over absolutely to the charitable remaindermen.

The question there before the court was whether these provisions were a void accumulation of income under section 6 of the Estates Act of 1947.

Our highest appellate court, in a scholarly opinion by Mr. Justice Roberts, stated, inter alia:

"No case has been cited to us, nor have we been able to locate any authority, which appears to recognize the validity of a proposed gift whose enjoyment is delayed for a period of four centuries without apparent reason.

"We hold, therefore, that the provisions for accumulation of income are unreasonable and void as being unnecessary, charitably purposeless and contrary to public policy as well as to testator's primary charitable intention."

In James Estate the court, having determined that the 400 year accumulation provision was void, awarded the income to the charitable remaindermen on a current basis.

We have examined the foregoing opinion with care and believe James Estate is readily distinguishable from the subject estate of Lawrence J. Morris.

In the subject estate the enjoyment of the gift is not delayed for centuries but provides for an annual increment to the endowment funds of the several charities involved from which the income is immediately available.

James Estate concedes that our laws favor the accumulation of income and wealth for philanthropy.

Mr. Morris, by terms of his will and the codicils thereto has provided for annual increments to the endowment funds of the several charities, the income from which is to be expended for maintenance purposes of those institutions.

Repeating what we have said before we are not here concerned with the validity of a proposed gift whose enjoyment is delayed for centuries without apparent reason.

Doubtless each of the beneficiaries would prefer to have its share of the income immediately available and unrestricted as to the uses for which it might be expended but in our opinion it is not the function of the accountants to determine the restrictions which Mr. Morris may impose so long as those restrictions are lawful.

While somewhat reluctant to disagree with eminent counsel such as here present a united front in seeking

to have this court rewrite the will of Lawrence J. Morris, we nonetheless feel we owe such a duty to the decedent.

In the opinion of this court, unless the will violates either statutory provisions or public policies, neither of which we find to be present, we have no right to modify its provisions nor do we see fit to usurp the functions of the legislature as to income regulations where in our opinion the testamentary provisions are neither "absurd, impossible of execution or unreasonable."

We conclude, therefore, that the provisions of the will to accumulate annual increments in the endowment funds, the income from which is limited to maintenance purposes, is not an invalid provision. . . .